**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| SMART SKINS LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD.,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF SMART SKINS LLC'S
COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Smart Skins LLC ("Smart Skins"), by and through its undersigned counsel, files this Complaint for Patent Infringement against Defendants Samsung Electronics America, Inc. ("SEA") and Samsung Electronics Co., Ltd. ("SEC") (collectively, "Samsung" or "Defendants") relating to U.S. Patent Nos. 8,325,139 ("'139 Patent") and 7,274,680 ("'680 Patent") (collectively, the "Asserted Patents") and alleges as follows:

**INTRODUCTION**

1. Smart Skins owns the Asserted Patents. The inventions claimed in the Asserted Patents were made by engineers of Wildseed Ltd., a Kirkland, Washington developer of mobile phones and mobile-phone software, and of its successor in interest, Wildseed LLC. On August 22, 2023, all right, title, and interest in the Asserted Patents was assigned to Smart Skins.

2. Smart Skins owns the '139 Patent, titled "Scrolling Behavior-Influenced Algorithm Selection to Facilitate Adaptive Scrolling." The '139 Patent claims apparatuses, methods, and articles of manufacture in which a scrolling agent receives input factors associated with a user's

scrolling behavior, including descriptive metadata about the contents to be scrolled, and selects, based on those factors, a scrolling algorithm from a plurality of algorithms that includes a tunable scrolling algorithm and one or more non-linear scrolling algorithms. The inventions of the ’139 Patent were a significant advance in the field of user interfaces: they allow a device to adapt its scrolling behavior to the content being scrolled and to the way the user scrolls it.

3. Smart Skins owns the ’680 Patent, titled “Combined Mobile Communication Plus Pointing Device.” The ’680 Patent claims a mobile communication device that also controls pointing on a computing device located near it, using one or more transceivers that carry communication signals and pointing control signals at different frequencies, power levels, and distances, a movement mechanism through which the user conveys pointing movements, and a processor assembly that integrates those components. The inventions of the ’680 Patent were a significant advance in the field of mobile devices: they allow a single handheld device to serve both as a communication device and as a pointing device for a nearby computer or display.

4. Smart Skins brings this action to remedy Samsung’s infringement of the Asserted Patents. Samsung makes, uses, sells, offers for sale, and imports into the United States smartphones and tablets, including its Galaxy devices, that practice the inventions claimed in the Asserted Patents, and Samsung has induced and contributed to the infringement of those patents by its customers and end users. Samsung also directly infringes the Asserted Patents as set forth below.

**THE PARTIES**

5. Plaintiff Smart Skins LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business at 1356 Broadway, 6th Floor, New York, NY 10018.

6. Upon information and belief, Defendant SEA is a corporation organized under the

laws of the State of New York with its principal place of business located at 700 Sylvan Avenue, Englewood Cliffs, New Jersey 07632, and with corporate offices at 6625 Excellence Way, Plano, Texas 75023. SEA's registered agent is CT Corporation System located at 28 Liberty Street, New York, NY 10005. Since June 10, 1996, SEA has been registered to do business in Texas under Texas SOS file number 0011028006, and may also be served through its registered agent, CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

7. Defendant SEC is a corporation organized and existing under the laws of the Republic of Korea with its principal place of business at 129 Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-do 16677, Republic of Korea. SEA is a wholly owned subsidiary of SEC. SEC may be served via its domestic entities or by process under the Hague Convention.

8. SEC designs and manufactures the smartphones and tablets accused of infringement in this Complaint (the "Accused Products," identified in Counts I and II below) and imports them into the United States, directly or through SEA. SEA imports, markets, offers for sale, and sells the Accused Products in the United States, including in this District.

**JURISDICTION AND VENUE**

9. This is a civil action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code, including 35 U.S.C. § 271. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has personal jurisdiction over each Defendant pursuant to due process and/or the Texas Long Arm Statute because each Defendant (i) has committed acts of patent infringement, including acts giving rise to this action, within the State of Texas and within this District, (ii) has continuous and systematic contacts within the State of Texas, including through SEA's offices and employees in Plano and Richardson, Texas, and (iii) directly or through

subsidiaries or intermediaries, makes, uses, sells, offers for sale, imports, advertises, and markets products within Texas, including in this District, that infringe one or more claims of the Asserted Patents. Each Defendant has placed the Accused Products into the stream of commerce with the intention and expectation that they will be purchased and used by consumers in the State of Texas and in this District, and those products have been purchased and used in this District. The Court's exercise of jurisdiction over each Defendant would not offend traditional notions of fair play and substantial justice because each Defendant has established minimum contacts within the forum.

11. Venue is proper in this District as to SEA under 28 U.S.C. § 1400(b) because SEA has committed acts of infringement in this District and has regular and established places of business in this District. Venue is proper in this District as to SEC under 28 U.S.C. § 1391(c)(3) because SEC is a foreign corporation not resident in the United States and may be sued in any judicial district, and under 28 U.S.C. § 1400(b) because SEC has committed acts of infringement in this District. Each Defendant has committed acts of infringement in this District, directly and through intermediaries, by making, using, offering to sell, selling, and importing products that infringe the Asserted Patents, as alleged herein, and by inducing others to infringe and contributing to the infringement of others, as alleged herein.

12. Samsung maintains regular and established places of business, and a permanent and continuous physical presence, within the District, including SEA's campus at 6625 Excellence Way, Plano, Texas 75023.[1] On June 1, 2026, SEA announced that it is relocating its U.S. headquarters from Englewood Cliffs, New Jersey to its existing campus in Plano, Texas, with the

---

[1] *See, e.g.*, "Samsung Electronics America to Open Flagship North Texas Campus," Samsung (Apr. 6, 2018), https://news.samsung.com/us/samsung-electronics-america-open-flagship-north-texas-campus/, last accessed Nov. 6, 2026.

transition to be completed by the end of 2026, "building on [its] 30-year presence in the state."[2]

13. Samsung has numerous employees who work in Texas, including within the Eastern District of Texas. Defendants employ full-time personnel, such as engineers and senior managers in this District, including in Richardson, Texas. On information and belief, Samsung's business operations relating to smartphones and televisions are conducted primarily at its facilities located in Richardson, Texas.

14. SEA is responsible for commercializing Samsung's end-user consumer products, including mobile devices, in the United States, and offers those products for sale through its website, https://www.samsung.com/us/. *See* Decl. of James Kiczek (Vice President, SEA) at ¶ 9 *Gaea, LLC v. Samsung Elecs. Co.*, No. 2:26-cv-00264-JRG-RSP (E.D. Tex. Sept. 18, 2026), ECF No. 45-3 ("SEA is primarily responsible for commercializing Samsung's end-user consumer products, such as consumer electronics products and mobile devices. SEA's products can be found on its website, https://www.samsung.com/us/."). SEA offers for sale and sells the Accused Products to customers in this District through that website and through retailers located in this District.

15. In other recent actions, Samsung has either admitted or not contested that this District is a proper venue for patent infringement actions against it. *See, e.g.*, Answer at ¶ 12, *Secure Wi-Fi LLC v. Samsung Elecs. Co.*, No. 2:24-cv-00047 (E.D. Tex. May 21, 2024), ECF No. 17 ("Samsung does not contest that venue is proper in this District."); Answer at ¶¶ 9–11, *Piney Woods Mobility LLC v. Samsung Elecs. Co.*, No. 2:26-cv-00122-JRG (E.D. Tex. July 30, 2026), ECF No. 24 ("Samsung does not contest at this time, and solely for the purpose of this litigation,

---

[2] *See* Stephanie Loder, "Tech giant leaving N.J. — and taking 1,000 jobs with it," NJ.com (June 2, 2026), https://finance.yahoo.com/sectors/technology/articles/tech-giant-leaving-n-j-164400345.html, last accessed Nov. 10, 2026.

that venue over it properly lies in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b).”).

16. Samsung also operates its executive briefing center, the Samsung Networks Innovation Center, from its Plano, Texas campus.[3] Samsung advertises “their roots” in Texas, including in the city of Plano in the Eastern District of Texas.[4] By way of example and without limitation, Samsung’s website provides that its “Texas Footprint” includes the “5G Innovation Zone,” the “SEA Corporate Office,” and the “Telecommunications & Networks Center” in Plano, Texas, in this District.[5]

17. Defendants are properly joined under 35 U.S.C. § 299(a) because, on information and belief, Defendants commonly and/or jointly make, use, sell, offer to sell, and/or import the infringing products and their components such that at least one right to relief is asserted against Defendants jointly, severally, and in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, relating to the making, using, selling, offering to sell, and/or importing into the United States of the same Samsung products and their components, and such that questions of fact common to all Defendants will arise in this action.

## THE ASSERTED PATENTS

18. Smart Skins owns the entire right, title, and interest in the ’139 Patent, which is

---

[3] *See, e.g.*, Christine Nelson, “Samsung Networks Innovation Center Opens its Doors, Offering a Close Look at Advanced Network Connectivity,” Samsung (June 13, 2023), https://www.samsung.com/global/business/networks/insights/blog/0613-samsung-networks-innovation-center-opens-its-doors-offering-a-close-look-at-advanced-network-connectivity/, last accessed Nov. 12, 2026.

[4] *See, e.g.*, “Cheer for Texas,” Samsung, https://web.archive.org/web/20241009011023/https://www.samsung.com/us/galaxytexas/cheer-for-texas/, last accessed Nov. 12, 2026.

[5] *See, e.g.*, “Samsung in Texas,” Samsung Newsroom (Dec. 15, 2018), https://news.samsung.com/us/samsung-in-texas/, last accessed Nov. 12, 2026.

titled "Scrolling Behavior-Influenced Algorithm Selection to Facilitate Adaptive Scrolling." The '139 Patent issued on December 4, 2012 to inventors Paul R. Nash and Peter Zatloukal from U.S. Patent Application No. 13/152,650, filed on June 3, 2011, which is a continuation of U.S. Patent Application No. 11/540,126, filed on September 29, 2006. A true and correct copy of the '139 Patent is attached as **Exhibit A** to this Complaint.

19. Smart Skins owns the entire right, title, and interest in the '680 Patent, which is titled "Combined Mobile Communication Plus Pointing Device." The '680 Patent issued on September 25, 2007 to inventors G. Eric Engstrom and Peter Zatloukal from U.S. Patent Application No. 10/503,006, the national stage of International Application No. PCT/US2004/010067, filed on April 1, 2004. A true and correct copy of the '680 Patent is attached as **Exhibit B** to this Complaint.

20. Smart Skins acquired the Asserted Patents by assignment from Varia Holdings LLC ("Varia Holdings") dated August 22, 2023 and recorded with the United States Patent and Trademark Office at Reel 064670, Frame 0843. The assignment conveyed all right, title, and interest in the Asserted Patents, including the right to sue for and recover damages for all past infringement.

21. Smart Skins seeks damages for Samsung's infringement during the period beginning six years before the filing of this Complaint and ending on the expiration of each Asserted Patent. 35 U.S.C. § 286.

22. Neither Smart Skins nor any predecessor in interest or licensee has made, offered for sale, sold, or imported into the United States any patented article within the meaning of 35 U.S.C. § 287(a). The damages recoverable in this action are therefore not limited by 35 U.S.C. § 287(a).

23. Paul Nash and Peter Zatloukal invented methods, apparatuses, and articles of manufacture that receive input factors associated with a user's scrolling behavior, including descriptive metadata about the contents to be scrolled, and select, based on those factors, a scrolling algorithm from a plurality of algorithms that includes a tunable scrolling algorithm capable of adjusting a scrolling time period and one or more non-linear scrolling algorithms. Their inventions were a significant advance in the field of adaptive user interfaces. Mr. Nash and Mr. Zatloukal patented these inventions in the '139 Patent.

24. For example, claim 8 of the '139 Patent reads as follows:

> 8. An apparatus comprising:
>
> a processor; and
>
> a scrolling agent operated by the processor and adapted to receive one or more input factors associated with scrolling behavior of a user, the one or more input factors including descriptive metadata about contents to be scrolled, and
>
> select, based on at least one of the one or more input factors, a scrolling algorithm out of a plurality of scrolling algorithms, the plurality of scrolling algorithms including (1) a tunable scrolling algorithm capable of adjusting a scrolling time period and (2) one or more non-linear scrolling algorithms of a plurality of non-linear scrolling algorithms for use in evaluating the scrolling behavior of the user.

25. Eric Engstrom and Peter Zatloukal invented a combined mobile communication plus pointing device: a handheld communication device with one or more transceivers that carry communication signals and pointing control signals at different frequencies, power levels, and distances, a movement mechanism through which the user controls pointing on a computing device located proximally adjacent to the handheld device, and a processor assembly that integrates those components so that the device selectively facilitates communication and pointing control. Their inventions were a significant advance in the field of mobile devices. Mr. Engstrom and Mr. Zatloukal patented these inventions in the '680 Patent.

26. For example, claim 1 of the ’680 Patent reads as follows:

> 1. A combined mobile communication plus pointing device comprising:
>
> one or more transceivers to transmit and receive communication signals in a first frequency at a first power level for a first distance, and pointing control signals in a second frequency at a second power level for a second distance, where the first and second frequencies, the first and second power levels, and the first and second distances are different from each other;
>
> communication input/output (I/O) mechanism to facilitate a user to communicate with another party;
>
> a movement mechanism to facilitate a user in conveying movements to control pointing on a computing device located proximally adjacent to said mobile communication plus pointing device; and
>
> a processor assembly, including storage medium and instructions stored therein, coupled to the one or more transceivers, the communication I/O mechanism, and the movement mechanism to integrate the one or more transceivers, the communication I/O mechanism and the movement mechanism to selectively facilitate the user in communicating with the other party and to control pointing on the proximally located computing device.

**COUNT I**

**Infringement of U.S. Patent No. 8,325,139**

27. Smart Skins incorporates by reference paragraphs 1 through 26 above.

28. Samsung has directly infringed one or more claims of the ’139 Patent, including at least claim 8, literally and/or under the doctrine of equivalents, by making, using, offering for sale, selling within the United States, and/or importing into the United States smartphones and tablets, including, for example, the Samsung Galaxy S26 Ultra and other Samsung Galaxy smartphones and tablets that run on the Android operating system (collectively, the “’139 Accused Products”), in violation of 35 U.S.C. § 271(a). SEC has made the ’139 Accused Products outside the United States and imported them into, and sold and offered them for sale in, the United States. SEA has imported, offered for sale, and sold the ’139 Accused Products in the United States, including in this District.

29. The ’139 Accused Products infringe claim 8 of the ’139 Patent as set forth in **Exhibit C**.

30. Samsung has actively induced its customers and end users to infringe at least claim 8 of the ’139 Patent. Samsung has taken affirmative actions to induce infringement by intentionally instructing its customers and end users to use the ’139 Accused Products in an infringing manner, including through the user manuals, support pages, and online tutorials for the ’139 Accused Products, such as the user manual found at the following URL:

> https://downloadcenter.samsung.com/content/UM/202603/20260314045457703/SAM_S942_S947_S948_EN_UG_OS16_022626_FINAL_AC_03122026.pdf at 18-20 (describing navigation using the touch screen)

31. With knowledge of both the ’139 Patent and its infringement of the ’139 Patent, Samsung has acted with specific intent or willful blindness to actively aid and abet its customers and end users in infringing the ’139 Patent by using the ’139 Accused Products in a manner constituting direct infringement of at least claim 8 of the ’139 Patent. Samsung is thus liable for infringement of the ’139 Patent under 35 U.S.C. § 271(b).

32. Samsung has also indirectly infringed the ’139 Patent by contributing to direct infringement by others, such as Samsung’s customers and end-users, in this District and elsewhere in the United States, in violation of 35 U.S.C. § 271(c). Samsung’s affirmative acts of providing the ’139 Accused Products to implement and support the claimed scrolling technology in this District and elsewhere in the United States, and causing the patented invention to be used and implemented by Samsung’s customers and end-users, have contributed to their implementation and use of the infringing technology, such that the ’139 Patent has been directly infringed by Samsung’s customers and end-users. The accused components in the ’139 Accused Products, including the scrolling agent recited in claim 8, are material to the inventions claimed in the ’139 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing

uses, and are known by Samsung to be specially made or adapted for use in the infringement of the ’139 Patent. Samsung has performed these acts with knowledge of the ’139 Patent and with the intent, or willful blindness, that they cause direct infringement of the ’139 Patent.

33. Samsung has been willfully blind to the existence of the ’139 Patent and its infringement of the ’139 Patent. On information and belief, Samsung has a policy or practice of not investigating the patent rights of others, including instructing its employees to not review the patents of others. Therefore, Samsung’s actions have been at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Samsung. *See Estech Sys. IP, LLC v. Carvana, LLC*, No. 2:21-CV-0482-JRG-RSP, 2022 WL 17727752, at *2 (E.D. Tex. Sept. 26, 2022) (holding that alleging a policy or practice against investigating third party patent rights is a “sufficient theory of willful blindness” because “it provides fair notice of the allegation and the grounds upon which it rests.”).

34. Samsung’s infringement of the ’139 Patent has been willful. Samsung has been willfully blind to the existence of the ’139 Patent and its infringement of the ’139 Patent. Despite being willfully blind to the fact that the ’139 Accused Products infringe the ’139 Patent, Samsung continued to make, use, offer for sale, sell, and/or import the ’139 Accused Products, and to induce and contribute to their infringing use by others, through the expiration of the ’139 Patent, without any good-faith basis to believe that the ’139 Patent is invalid or not infringed. Samsung’s infringement of the ’139 Patent has been deliberate, intentional, and egregious, and entitles Smart Skins to enhanced damages of up to three times the amount of damages found or assessed pursuant to 35 U.S.C. § 284.

35. As a result of Samsung’s infringement of the ’139 Patent, Smart Skins has suffered monetary damages and is entitled to no less than a reasonable royalty for Samsung’s use of the

claimed inventions of the ’139 Patent through its expiration, together with interest and costs as determined by the Court.

**COUNT II**

**Infringement of U.S. Patent No. 7,274,680**

36. Smart Skins incorporates by reference paragraphs 1 through 35 above.

37. Samsung has directly infringed one or more claims of the ’680 Patent, including at least claim 1, literally and/or under the doctrine of equivalents, by making, using, offering for sale, selling within the United States, and/or importing into the United States smartphones, including, for example, the Samsung Galaxy S22 and other Samsung smartphones that include the DeX feature (collectively, the "’680 Accused Products"), in violation of 35 U.S.C. § 271(a). SEC has made the ’680 Accused Products outside the United States and imported them into, and sold and offered them for sale in, the United States. SEA has imported, offered for sale, and sold the ’680 Accused Products in the United States, including in this District.

38. The ’680 Accused Products infringe claim 1 of the ’680 Patent as set forth in **Exhibit D**.

39. Samsung has actively induced its customers and end users to infringe at least claim 1 of the ’680 Patent. Samsung has taken affirmative actions to induce infringement by intentionally instructing its customers and end users to use the ’680 Accused Products in an infringing manner, including through the user manuals, videos, support pages, and online tutorials for the ’680 Accused Products, such as those available at the following URLs:

https://www.youtube.com/watch?v=HBGFmPszAO8&list=PLCV6rjBXx6E8y5lxdIWjUUqAzmzUo2D1L&index=7

https://insights.samsung.com/2022/07/29/how-to-use-samsung-dex-wirelessly-on-your-tv-4/

https://web.archive.org/web/20201208170213/https://www.samsung.com/us/business/solutions/samsung-dex/

40. With knowledge of both the ’680 Patent and its infringement of the ’680 Patent, Samsung has acted with specific intent or willful blindness to actively aid and abet its customers and end users in infringing the ’680 Patent by using the ’680 Accused Products in a manner constituting direct infringement of at least claim 1 of the ’680 Patent. Samsung is thus liable for infringement of the ’680 Patent under 35 U.S.C. § 271(b).

41. Samsung has also indirectly infringed the ’680 Patent by contributing to direct infringement by others, such as Samsung’s customers and end-users, in this District and elsewhere in the United States, in violation of 35 U.S.C. § 271(c). Samsung’s affirmative acts of providing the ’680 Accused Products to implement and support the claimed communications and pointing technology in this District and elsewhere in the United States, and causing the patented invention to be used and implemented by Samsung’s customers and end-users, have contributed to their implementation and use of the infringing technology, such that the ’680 Patent has been directly infringed by Samsung’s customers and end-users. The accused components in the ’680 Accused Products, including the processor assembly coupled to the one or more transceivers, the communication I/O mechanism, and the movement mechanism recited in claim 1, are material to the inventions claimed in the ’680 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Samsung to be specially made or adapted for use in the infringement of the ’680 Patent. Samsung has performed these acts with knowledge of the ’680 Patent and with the intent, or willful blindness, that they cause direct infringement of the ’680 Patent.

42. Samsung has known of the ’680 Patent since September 25, 2007, the date of its issuance. On August 23, 2007, the examiner rejected claims of Samsung’s U.S. Patent Application

No. 11/127,235 as anticipated by U.S. Patent Application Publication No. 2005/0220067, the publication of the application that issued as the ’680 Patent, and as obvious over that publication in combination with other art. The examiner maintained rejections based on that publication in each subsequent office action through January 7, 2010, and Samsung responded to those rejections by arguing, on November 21, 2007, April 25, 2008, November 21, 2008, April 29, 2009, and October 7, 2009, that its claims were patentable over the disclosure of the ’680 Patent.

43. Additionally, U.S. Patent Application Publication No. 2005/0220067, the publication of the application that issued as the ’680 Patent, was again cited by the examiner on December 7, 2021 during prosecution of Samsung’s U.S. Patent Application No. 16/615,257, which issued as U.S. Patent No. 11,422,588.

44. Alternatively, Samsung has been willfully blind to the existence of the ’680 Patent and its infringement of the ’680 Patent. On information and belief, Samsung has a policy or practice of not investigating the patent rights of others, including instructing its employees to not review the patents of others. Therefore, Samsung’s actions have been at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Samsung. *See Estech Sys. IP, LLC v. Carvana, LLC*, No. 2:21-CV-0482-JRG-RSP, 2022 WL 17727752, at *2 (E.D. Tex. Sept. 26, 2022) (holding that alleging a policy or practice against investigating third party patent rights is a “sufficient theory of willful blindness” because “it provides fair notice of the allegation and the grounds upon which it rests.”).

45. Samsung’s infringement of the ’680 Patent has been willful. Samsung has known of the ’680 Patent, or has been willfully blind to its existence, since at least September 25, 2007, and in any event no later than December 7, 2021. Despite that knowledge, and knowing or being willfully blind to the fact that the ’680 Accused Products infringe the ’680 Patent, Samsung

continued to make, use, offer for sale, sell, and/or import the ’680 Accused Products, and to induce and contribute to their infringing use by others, through the expiration of the ’680 Patent, without any good-faith basis to believe that the ’680 Patent is invalid or not infringed. Samsung’s infringement of the ’680 Patent has been deliberate, intentional, and egregious, and entitles Smart Skins to enhanced damages of up to three times the amount of damages found or assessed pursuant to 35 U.S.C. § 284.

46. As a result of Samsung’s infringement of the ’680 Patent, Smart Skins has suffered monetary damages and is entitled to no less than a reasonable royalty for Samsung’s use of the claimed inventions of the ’680 Patent through its expiration, together with interest and costs as determined by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Smart Skins respectfully prays for the following relief:

A. A judgment that Samsung has directly infringed one or more claims of each of the Asserted Patents, literally and/or under the doctrine of equivalents, under 35 U.S.C. § 271(a);

B. A judgment that Samsung has indirectly infringed one or more claims of each of the Asserted Patents by inducing infringement under 35 U.S.C. § 271(b);

C. A judgment that Samsung has indirectly infringed one or more claims of each of the Asserted Patents by contributing to infringement under 35 U.S.C. § 271(c);

D. A judgment that Samsung’s infringement of the Asserted Patents has been willful;

E. Compensatory damages in an amount according to proof, and in any event no less than a reasonable royalty, including all pre-judgment and post-judgment interest at the maximum rate allowed by law, together with enhanced damages of up to three times the amount of damages found or assessed pursuant to 35 U.S.C. § 284 in view of Samsung’s willful infringement;

F. A judgment that this is an exceptional case and awarding Smart Skins its costs and

reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285; and

G. A judgment granting Smart Skins such further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Smart Skins hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated: November 13, 2026

By: */s/ David Alberti by permission Andrea L. Fair*

David Alberti
CA Bar No. 220265 (Admitted E.D. Texas)
dalberti@albertilim.com
Sal Lim
CA Bar No. 211836 (Admitted E.D. Texas)
slim@albertilim.com
Russell S. Tonkovich
CA Bar No. 233280 (Admitted E.D. Texas)
rtonkovich@albertilim.com
James Barabas (*pro hac vice forthcoming)*
NY Bar No. 3911484
jbarabas@albertilim.com
Andrew Hamill
CA Bar No. 251156 (Admitted E.D. Texas)
ahamill@albertilim.com
Aidan M. Brewster (*pro hac vice forthcoming*)
CA Bar No. 319691
abrewster@albertilim.com
**ALBERTI LIM & TONKOVICH LLP**
950 Tower Lane, Suite 1725
Foster City, CA 94404
Telephone: (650) 825-4300
Facsimile: (650) 460-8443

Andrea L. Fair
Texas Bar No. 24078488
andrea@millerfairhenry.com
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Pkwy
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

*Attorneys for Smart Skins LLC*